UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

KENNETH BERNARD BURNEY,

            Plaintiff,

    v.                                                Case No. 25-cv-0924-bbc

JOHN DOES,

            Defendants.

___

## DECISION AND ORDER

___

    Kenneth Bernard Burney is incarcerated at Green Bay Correctional Institution and representing himself in this 42 U.S.C. §1983 case. He is proceeding on an Eighth Amendment claim against the John/Jane Doe Defendants who were allegedly responsible for scheduling a dental appointment for Burney and/or treating Burney in response to his increasingly desperate complaints of tooth pain. When Burney filed his complaint, he did not know the names of the dental care providers who he alleges were deliberately indifferent to his pain, so the Court named Warden Chris Stevens as a Defendant for the limited purpose of helping Burney learn the names of the providers. On November 6, 2025, Montgomery filed a notice identifying the Doe providers as Dr. Tommy Onjukka, Dr. Jerome, Dr. Michael Brossman, and dental assistants A. Morgan, L. Mosqueda, and D. Belotserkovsky. The Court will update the caption accordingly and order that the complaint be served on the Defendants.

    The Court reminds Burney that a defendant is liable for damages under §1983 only if he was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with his knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). There is no vicarious liability under §1983, which

means that individuals are not liable for the misconduct of their coworkers, supervisors, or subordinates. The Court acknowledges that, at this point, Burney may not know how each of the dentists or dental assistants were involved in his care. However, once discovery is open and Burney learns more about each person's involvement, the Court encourages Burney to file a motion to voluntarily dismiss his claim against any individual who he learns was *not* involved in his care. Pursuing a claim against an individual who Burney learns was not responsible for the alleged violation is a waste of his, the individual's, and the Court's time and resources.

**IT IS THEREFORE ORDERED** that Burney's notice to identify the John/Jane Doe Defendants as Dr. Tommy Onjukka, Dr. Jerome, Dr. Michael Brossman, and dental assistants A. Morgan, L. Mosqueda, and D. Belotserkovsky (Dkt. No. 18) is **GRANTED**. Because Burney does not state a claim against Warden Stevens, the Court directs the clerk's office to terminate him from this action. The Court thanks Warden Stevens and his counsel for assisting Burney with identifying the Defendants. The clerk's office will update the caption accordingly.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Burney's complaint, the screening order, and this order are being electronically sent today to the Wisconsin Department of Justice for service on Dr. Tommy Onjukka, Dr. Jerome, Dr. Michael Brossman, and dental assistants A. Morgan, L. Mosqueda, and D. Belotserkovsky.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Dr. Tommy Onjukka, Dr. Jerome, Dr. Michael Brossman, and dental assistants A. Morgan, L. Mosqueda, and D. Belotserkovsky shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Green Bay, Wisconsin on November 12, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge
