UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNETH BERNARD BURNEY,

Plaintiff,

v. Case No. 25-CV-924

DR. TOMMY ONJUKKA et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Kenneth Bernard Burney is incarcerated at Stanley Correctional Institution and representing himself in this 42 U.S.C. § 1983 action. He is proceeding on Eighth Amendment claims against Defendants Dr. Tommy Onjukka, Dr. Robert Jerome, Dr. Michael A. Brossman, Alina Morgan, Lesly Ruiz Mosqueda, and Dr. Daniel Belotserkovsky based on allegations that they were responsible for scheduling a dental appointment for him and/or treating him in response to his complaints of tooth pain. This matter comes before the Court on Dr. Belotserkovsky's motion for summary judgment on the ground that Burney did not exhaust the available administrative remedies against him before initiating this action. (ECF No. 52.) For the following reasons, Dr. Belotserkovsky's motion for summary judgment will be granted.

**PRELIMINARY MATTERS**

Pursuant to the local rules, along with a motion for summary judgment, the moving party is required to file a statement of proposed material facts as to which it contends there is no dispute and that entitle it to judgment as a matter of law. Civil L.R. 56(b)(1). The statement of proposed facts should consist of numbered paragraphs containing short factual statements with specific

references to affidavits, declarations, parts of the record, and other supporting materials. Civil L.R. 56(b)(1)(C). Dr. Belotserkovsky submitted proposed findings of fact in support of his motion for summary judgment in compliance with the local rules. (*See* ECF No. 59.)

A party opposing a motion for summary judgment must file a response to the moving party's proposed facts to make clear to the Court which, if any, of the proposed facts are in dispute. The opposing party must respond to *each* paragraph. Civil L.R. 56(b)(2)(B). Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L.R. 56(b)(4).

Dr. Belotserkovsky, as required by the local rules, included a copy of Federal Rule of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56 along with his motion for summary judgment. (*See* ECF No. 52.) In addition, the day after Dr. Belotserkovsky filed his motion for summary judgment, the Court entered a notice and order informing Burney that he was required to "respond to each of the proposed facts by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact." (ECF No. 64 at 1.) The Court also explained that "[i]t is not enough for Burney to file only a declaration telling his side of the story. Civil L.R. 56(b)(2)(B) requires Burney to respond to *each* proposed fact." (*Id.* at 2.) The Court warned Burney that if he "does not respond to a proposed fact, the Court will assume that Burney does not dispute the proposed fact and will accept the proposed fact as true, regardless of contrary statements in a declaration." (*Id.*)

On July 24, 2026, Burney filed a brief in opposition to Dr. Belotserkovsky's motion for summary judgment, but he did not respond to Dr. Belotserkovsky's proposed facts. Accordingly, as the Court warned Burney would happen if he failed to respond to Dr. Belotserkovsky's proposed facts, those facts are deemed admitted for the purpose of deciding summary judgment. *See Phoneprasith v. Greff*, No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022) (holding that a

district court is entitled to deem unopposed facts admitted under Civil L.R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same). With these considerations in mind, the Court turns to the substance of Dr. Belotserkovsky's motion for summary judgment.

## BACKGROUND

At all times relevant, Burney was incarcerated at Green Bay Correctional Institution (GBCI). Dr. Belotserkovsky began working at the Wisconsin Department of Corrections providing dental care and treatment to inmates at GBCI on June 2, 2025. He provided dental care and treatment to Burney at GBCI between June 3, 2025, and September 2, 2025. Burney alleges that Dr. Belotserkovsky ignored Burney's complaints of pain made in Burney's dental service requests. (ECF No. 59, ¶¶ 5–9.)

On April 18, 2025, Burney filed an inmate complaint, GBCI-2025-5555. He stated:

> I'm not getting adequate dental care. Want to receive pass for dental.
>
> I've sent over 8 Dental Services Request and the only response I've received is saying you are on essential waiting list.
>
> On or about March 1, 2025 my tooth looked black and hurt real bad and properly needed extracted. I sent over 10 DSR and still they have not sent me a pass for treatment.

(ECF No. 57 at 6.) The Inmate Complaint Examiner recommended affirming the complaint, and the inmate complaint was affirmed by the Reviewing Authority on May 27, 2025. (*Id.* at 2–3.) Inmate Complaint GBCI-2025-5555 was received on April 22, 2025, approximately six weeks prior to Dr. Belotserkovsky's involvement in Burney's care and treatment and did not involve Dr. Belotserkovsky. (ECF No. 59, ¶ 13.)

Burney initiated this lawsuit on June 30, 2025. He filed a second inmate complaint regarding his dental care, GBCI-2025-12734, which was received by the institution on September 5, 2025. (*Id.* ¶ 14.)

## LEGAL STANDARD

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)). The Court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The movant has the burden to show that summary judgment is appropriate. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). The Court will "read the facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024) (citation omitted). Nonetheless, the non-movant must go beyond mere allegations and conclusions and instead support its contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id.* If the movant sustains its burden and shows both that there are no disputed material facts and that it is entitled to judgment as a matter of law, "[t]he court shall grant summary judgment . . . ." Fed. R. Civ. P. 56(a).

## ANALYSIS

Under the Prison Litigation Reform Act (PLRA), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are

available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). "Failure to exhaust is an affirmative defense for which the defendants carry the burden of proof." *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018) (citation omitted).

Wisconsin has established the Inmate Complaint Review System to review inmate complaints. Wis. Admin. Code § DOC 310.05. Inmates must file an inmate complaint with the Inmate Complaint Examiner within 14 days of the relevant occurrence giving rise to the complaint. § DOC 310.07(2). The Inmate Complaint Examiner shall either reject the complaint or send a recommendation to the Reviewing Authority. § DOC 310.10(9). The Reviewing Authority has fifteen days to make a decision following the receipt of the recommendation or appeal of a rejected complaint. § DOC 310.11(1). An inmate who is dissatisfied with the resolution of his inmate complaint may appeal the decision to the Correctional Complaint Examiner within 14 days. § DOC 310.12. The Secretary shall make a decision within 45 days following receipt of the Correctional Complaint Examiner's recommendation and that decision is final. § DOC 310.13.

Dr. Belotserkovsky asserts that the Court must dismiss Burney's claim against him because Burney failed to exhaust the available administrative remedies on that claim before he initiated this lawsuit. Burney asserts that he did file an inmate complaint about the inadequate care he was receiving, GBCI-2025-5555, but there is no dispute that this inmate complaint was filed before Dr. Belotserkovsky began working at GBCI.

Burney seems to suggest that this inmate complaint satisfied the exhaustion requirement under the continuing violation doctrine because Dr. Belotserkovsky's failure to properly treat Burney's tooth pain was a continuation of the inadequate treatment he received as detailed in his inmate complaint. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). However, the continuing violation doctrine does not apply here. "This is not an instance where a single grievance serves as notice of an ongoing condition or policy . . . . [Burney's] pain was ongoing, but the failure to treat it adequately and schedule appointments were discrete acts, not a single course of conduct . . . ." *Tackett v. Jess*, 853 F. App'x 11, 13 (7th Cir. 2021). In this case, each dentist exercised individual discretion on treatment; thus, Burney's April 18, 2025, inmate complaint could not have exhausted a claim against Dr. Belotserkovsky who had not yet treated him.

Burney did not fully exhaust any inmate complaints after Dr. Belotserkovsky's start date before initiating this action. Although Burney filed an inmate complaint after filing this lawsuit, an inmate cannot rely on grievances submitted after the lawsuit is filed to establish exhaustion of administrative remedies. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1995) ("a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed . . . even if the prisoner exhausts intra-prison remedies before judgment").

The "purpose of the exhaustion requirement is to permit prison officials the opportunity to address inmate concerns internally before an inmate initiates litigation." *Bergen v. Wisconsin*, No. 20-CV-813, 2022 WL 3369540, at *4 (E.D. Wis. Aug. 16, 2022) (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020)). Burney's April 18, 2025, inmate complaint failed to put the institution on notice that Dr. Belotserkovsky violated Burney's Eighth Amendment rights. Burney did not exhaust his deliberate indifference claim

against Dr. Belotserkovsky. Therefore, Dr. Belotserkovsky is entitled to summary judgment on that claim.

## CONCLUSION

For these reasons, Dr. Belotserkovsky's motion for summary judgment (ECF No. 52) is **GRANTED**. Burney's claim against Dr. Belotserkovsky is dismissed without prejudice, and Dr. Belotserkovsky is terminated as a defendant from this action.

**SO ORDERED** at Green Bay, Wisconsin on September 1, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge