UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNETH BERNARD BURNEY,

Plaintiff,

v. Case No. 25-CV-924

DR. TOMMY ONJUKKA et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Kenneth Bernard Burney is incarcerated at Stanley Correctional Institution and representing himself in this 42 U.S.C. § 1983 action. He is proceeding on Eighth Amendment claims against Defendants Dr. Tommy Onjukka, Dr. Robert Jerome, Alina Morgan, and Lesly Ruiz Mosqueda based on allegations that they were responsible for scheduling a dental appointment for him and/or treating him in response to his complaints of tooth pain. This matter comes before the Court on Morgan and Mosqueda's motion for summary judgment. (ECF No. 69.) For the following reasons, the motion for summary judgment will be granted.

**BACKGROUND**

At all times relevant, Burney was incarcerated at Green Bay Correctional Institution (GBCI). During that time, Morgan and Mosqueda worked as dental assistants for Guardian Healthstaff, LLC. Pursuant to a contractual agreement with the State of Wisconsin Department of Corrections, Guardian provides temporary contract dental assistants to GBCI. Guardian dental assistants assigned to GBCI are not dentists. The daily job responsibilities for dental assistants include sterilizing the operating room and dental equipment used by the dentist, stocking dental supplies, taking blood pressure readings, delivering and picking up mail, conducting an inventory

of dental equipment at the start of the day and the end of the day, scanning dental requests into the system, and assisting with scheduling pursuant to the dentist's request. Morgan worked as a dental assistant at GBCI from February 10, 2025, to April 9, 2025. Mosqueda worked as a dental assistant at GBCI from May 12, 2025, to August 9, 2025. (ECF No. 94, ¶¶ 1–6, 11, 16.)

On February 5, 2025, Dr. Michael Brossman provided dental treatment to Burney for a lower left tooth that hurt. On March 8, 2025, Burney submitted a Dental Service Request (DSR) for a loose and painful front tooth. The institution received the DSR on March 11, 2025. In response to Burney's March 11, 2025, DSR, Dr. Brossman placed Burney on the Essential Wait List. Burney submitted DSRs on March 17, 2025, March 23, 2025, March 26, 2025, April 2, 2025, May 15, 2025, and May 30, 2025. Burney was not seen by dental services until June 4, 2025, when his tooth was ultimately pulled. (*Id.* ¶¶ 7–9; ECF No. 98, ¶¶ 5–13.)

## LEGAL STANDARD

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015) (citing Fed. R. Civ. P. 56(a)). The Court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The movant has the burden to show that summary judgment is appropriate. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). The Court will "read the facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024) (citation omitted). Nonetheless, the non-movant must go beyond mere allegations and conclusions and instead support its contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id.* If the movant

sustains its burden and shows both that there are no disputed material facts and that it is entitled to judgment as a matter of law, "[t]he court shall grant summary judgment . . . ." Fed. R. Civ. P. 56(a).

## ANALYSIS

Burney asserts that Morgan and Mosqueda violated the Eighth Amendment by being deliberately indifferent to his tooth pain.[1] "[T]he Eighth Amendment, as the Supreme Court has interpreted it, protects prisoners from prison conditions that cause the wanton and unnecessary infliction of pain, including . . . grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotation marks omitted). "This principle applies equally to dental care." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (citing *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)). The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment. It asks (1) "whether a plaintiff suffered from an objectively serious medical condition" and (2) whether the individual defendant was deliberately indifferent to that condition." *Id.* (quoting *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc)).

Morgan and Mosqueda assert that they were not deliberately indifferent to Burney's serious medical needs because they were not involved in triaging his DSRs or in his treatment. Individuals cannot be held liable under § 1983 unless they personally caused or participated in the alleged constitutional violation. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Although

---

[1] Morgan and Mosqueda also assert that Burney failed to exhaust administrative remedies against them before initiating this action. Other than stating that they join the dentists' motions for summary judgment on exhaustion grounds because dismissal for failure to exhaust would result in dismissal against all parties, they do not develop their argument. The Court concludes that Morgan and Mosqueda have failed to meet their burden to establish that Burney failed to exhaust administrative remedies on his claims against them. *See Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018).

Burney submitted several DSRs regarding his tooth pain and asserts that Morgan and Mosqueda were triaging his dental slips, his assertion is conclusory and devoid of any evidentiary support.

Under DAI Policy 500.40.02, which addresses triaging dental service requests and prioritizing appointments, "[d]entists shall triage DSRs on the workday received." DAI Policy 500.40.02(I)(A). "Only a dentist is qualified to triage DSRs," and "[t]riage may not be delegated to a dental assistant or hygienist." DAI Policy 500.40.02(I)(B)(1). There is no dispute that the daily job responsibilities of dental assistants include sterilizing the operating room and dental equipment used by the dentist, stocking dental supplies, taking blood pressure readings, delivering and picking up mail, conducting an inventory of dental equipment at the start of the day and the end of the day, scanning dental requests into the system, and assisting with scheduling pursuant to the dentist's request, and do not include triaging DSRs.

The record does not show that Morgan and Mosqueda were personally involved in triaging Burney's DSRs or were aware of his tooth pain. As a result, Morgan and Mosqueda cannot be held liable under § 1983. Accordingly, Morgan and Mosqueda's motion for summary judgment will be granted.

## CONCLUSION

For the foregoing reasons, Morgan and Mosqueda's motion for summary judgment (ECF No. 69) is **GRANTED**. Burney's claims against Morgan and Mosqueda are dismissed, and Morgan and Mosqueda are terminated as defendants from this action.

**SO ORDERED** at Green Bay, Wisconsin on September 10, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge